IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD DARGAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:22-cv-00022 |
| | ) | |
| v. | ) | District Judge Stephanie L. Haines |
| | ) | |
| HOUSTON and MOSSER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Donald Dargan ("Plaintiff") initiated this *pro se* prisoner civil rights action on February 9, 2022 (ECF No. 1) when filing a Complaint without a filing fee or Motion to Proceed *In Forma Pauperis*. The Court issued a Deficiency Notice (ECF No. 2) noting the lack of fee or motion and outlining various other deficiencies in Plaintiff's filing. The Clerk of Court was directed to Administratively Close the case and Plaintiff was instructed that he may reopen the case upon curing the deficiencies as outlined in the Deficiency Notice. Plaintiff was informed failure to cure the deficiencies as instructed by December 4, 2023, would result in the dismissal of the Complaint for failure to prosecute. The Deficiency Order, along with other forms necessary for prosecution of a federal case were mailed to Plaintiff on October 4, 2023, at his address of record. That mail was returned to the Court on October 31, 2023 (ECF No. 3) marked "Return to Sender. Not Deliverable as Addressed. Unable to Forward."

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and, under this Rule, "a district court has authority to dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed. R. Civ. P. 41(b)); *see also*

*Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b).")

The Third Circuit Court of Appeals has stated that "a district court dismissing a case *sua sponte* 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100 at 103 (quoting *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). Before engaging in a *sua sponte* dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id*. (quoting *Briscoe*, 538 F.3d at 258).

In *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id*. at 868 (emphasis omitted). In balancing the *Poulis* factors, no single factor is dispositive, nor do all factors need to be satisfied to result in dismissal of the complaint. *Briscoe*, 538 F.3d at 263. However, in determining whether a dismissal is warranted, the Court must analyze the factors in light of the "strong policy favoring decisions on the merits." *Hildebrand v. Allegheny County*, 923 F.3d 128, 132 (3d Cir. 2019). The Third Circuit has emphasized that "dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court," and that they "must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 867-68, 869 (citing *National Hockey*

*League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). "Cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand*, 923 F.3d at 132.

This case has sat languid for almost two (2) years. Plaintiff has never performed any action to progress the case, including serving the Defendants. The Court provided Plaintiff with notice of the deficiencies and sent supporting documents to give him opportunity to cure. He had two (2) months' time to do so. Plaintiff has not corresponded with the Court in any way since February 2022 and has not provided a forwarding address. Given the complete lack of attention to this case the Court finds none of the *Poulis* factors weigh in favor of non-dismissal, and as such this case will be dismissed.

## ORDER

AND NOW, this 5th day of December, 2023, IT IS HEREBY ORDERED that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

                                                Stephanie L. Haines
                                                United States District Judge

Cc:    Donald Dargan
        220013
        Somerset County Jail
        127 E. Fairview Street
        Somerset, PA  15501
        PRO SE